IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **In the Matter of the Search of:**<br>**Fitzgerald Apartment # 751, 1201 West Mount Royal Ave., Baltimore, MD 21217;**<br>**and a tan Chevrolet Suburban, bearing MD license plate 6DC5706.** | Case No. **18-1658 JMC**<br><br>Filed Under Seal **18-1659 JMC** |

### AFFIDAVIT OF MATTHEW S. PEFFER
### IN SUPPORT OF WARRANT TO SEARCH AND SEIZE

I, Matthew S. Peffer, being first duly sworn, hereby depose and state as follows:

#### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. 3103 in support of search and seizure warrants for the premises located at Fitzgerald Apartments, 1201 West Mount Royal Ave. Baltimore, MD 21217, **Apartment 751** (more fully described in Attachment A-1 and hereinafter referred to as "**TARGET PREMISES**") and a tan Chevrolet Suburban bearing license plate number Maryland 6DC5706 with vehicle identification number 1GNFK16Z32J294661 (more fully described in Attachment A-2 and hereinafter referred to as "**SUBJECT VEHICLE**") for the items more fully described in Attachment B.

2.  Based on the facts set forth in this affidavit, I believe that the TARGET PREMISES and SUBJECT VEHICLE are presently being used in furtherance of 18 U.S.C. § 1542 (Passport Application Fraud), 18 U.S.C. § 1001 (False Statements), 18 U.S.C. § 1028 (Fraud and Related Activity in Connection with Identification Documents and Information), 18 U.S.C. § 1028A (Aggravated Identity Theft), 18 U.S.C. § 911 (False Claim of United States Citizenship), and 8 U.S.C. § 1326(a) (Aggravated Felon Reentry into the United States) ("TARGET OFFENSES"), and that there is probable cause to believe that the execution of a search warrant on the TARGET

18 - 1 6 5 8 JMC        18 - 1 6 5 9 JMC

PREMISES and the SUBJECT VEHICLE will lead to evidence, fruits, and instrumentalities of the TARGET OFFENSES.

3. I am a Special Agent with the Diplomatic Security Service (DSS) within the United States Department of State and assigned to the Washington Field Office, Dunn Loring, Virginia. My duties include the investigation of crimes involving passport and visa fraud, entailing the use, and possession of identity documents, and false statements for the procuring of passports and visas. I am a graduate of DSS Basic Special Agent Course and Federal Law Enforcement Training Center Criminal Investigator Training Program, having received training in the investigation of document fraud and identity theft. I possess over ten years of experience as an intelligence specialist and honorably served as an officer in the United States Army.

4. In the course of the above investigations, I have examined evidence and documents relating to passport fraud. Based on my training, experience, and participation in the above investigations, I know that:

   a. individuals involved in passport fraud and fraudulent activities often maintain records, receipts, notes, ledgers, passports, passport applications, airline tickets, mail, financial records, credit cards, money orders and other papers relating to their fraudulent activities;

   b. these records and items are often maintained where the perpetrators of fraud can have ready access to them in secure locations within their residences, vehicles, businesses, and storage facilities for their use, and to conceal them from law enforcement authorities;

   c. persons involved in such activities often conceal in these locations financial documents, travel documents, false forms of identification, and other items of

        value, as well as proceeds of fraudulent activities and evidence of financial transactions relating to obtaining, transferring, secreting, or the spending of large sums of money made from engaging in fraudulent activity;

    d. persons involved in such activities commonly maintain addresses or telephone numbers in digital form, on cell phones, computers, laptops, tablets, digital devices and in books or papers that reflect names, addresses and/or telephone numbers of their associates, co-conspirators, and victims;

    e. individuals involved in these crimes often engage in criminal conduct on an ongoing basis, and often keep information relating to their criminal activities.

5.     The statements in this affidavit are based upon my own knowledge and information gathered from other government agencies and persons. This affidavit does not contain every material fact that I have learned during the course of this investigation; however, no information known to me that would tend to negate probable cause has been withheld from this affidavit.

## PROBABLE CAUSE

6.     Alphanso GRANT (hereinafter "GRANT") a/k/a Raymond Alphonso FORBES a/k/a Richard John MERCER a/k/a Edward Fisher is a Jamaican national and not a citizen of the United States. GRANT has an extensive criminal record dating back to 1988 when he was charged with attempted criminal possession of a controlled substance 3rd degree. In 2002, GRANT was arrested under the name Edward FISHER by DEA in New York for conspiracy to possess with intent to distribute at least 100 kilograms of marijuana, in violation of Title 21, U.S.C. Sections 846 and 841(a)(1), and related offenses and released on $300,000 secured appearance bond on January 3, 2003. In June of 2003, a bench warrant for failure to appear was issued.

7.      In April 2006, GRANT was arrested under the name Troy RICHARDSON by Montgomery County Police Department in Gaithersburg, Maryland for possession of a controlled drug substance with intent to distribute. Ultimately, GRANT was convicted and received an 18 month sentence.

8.      GRANT was eventually extradited to New York, and in June 2007, GRANT was finally convicted on the 2002 drug charges pending in the Eastern District of New York. GRANT was sentenced to 7 years imprisonment. In 2009, GRANT was processed by Immigration and Customs Enforcement as a deportable alien. On June 27, 2013, GRANT was deported to Jamaica.

9.      On May 25, 2017, after returning unlawfully to the United States, GRANT claimed to be Raymond Alphonso FORBES and submitted an application for US Passport (DS-11) numbered 283499999 at United States Post Office Waverly Station in Baltimore, Maryland. In support of that application, GRANT presented a United States Virgin Islands Birth Certificate, numbered 024903, issued 5/8/1997, along with a Maryland Driver License, numbered F-612-730-055-706, issued 5/2/2017, as proof of U.S. citizenship, both in the name Raymond Alphonso FORBES, with a birth date of XX/XX/1966, and Social Security number of XXX-XX-0885. The application was referred to DSS due to numerous fraud indicators on the application.

10.     On July 5, 2017, DS-11 numbered 283499999 was referred to a Consular Affairs Fraud Prevention Manager after a facial recognition match was returned for a different passport record through a review of confirmed fraud cases. On September 5, 2017, DSS investigative analysts confirmed with Immigration and Customs Enforcement (ICE), Enforcement Removal Office in Baltimore, Maryland, that GRANT is a previously deported, convicted felon. Further immigration checks indicate GRANT did not lawfully reenter the United States, and is

considered an aggravated felon reentry subject to removal. Upon reviewing available Department of Homeland Security (DHS) information, AFFIANT matched photographs provided by ICE on DS-11s for FORBES, MERCER, and FISHER to GRANT. The images on all of these documents appear to be one in the same person, and a copy of same is attached as Exhibit C.

11.     One of the matches was to a passport issued to Richard John MERCER. The MERCER passport was revoked on February 14, 2017, after a DSS New York Field Office (NYFO) investigation determined the passport was issued in error to GRANT, who utilized the MERCER identity to apply for a passport.

12.     Records indicated that on September 5, 2016, an individual using the GRANT United States Passport numbered 522566585, issued in the Richard John MERCER identity, but bearing GRANT'S photograph, crossed the United States/Mexico border at Nogales, Arizona with four other persons. Elijah Purcell MILLER was a member of that party and crossed the border using United States Passport numbered 548114192. The individual using the MERCER identity (believed to be GRANT) indicated the same Elijah Purcell MILLER as his cousin and emergency contact on DS-11 numbered 283499999, filed under the name Raymond Alphonso FORBES.

13.     On April 21, 2016, DSS NYFO agents investigating passport fraud committed in the name of Richard John MERCER received information from a credible source indicating telephone number 954-225-2643 belonged to GRANT. Subsequent database checks on telephone number 954-225-2643 revealed it resolves to 4287 Northwest 57th Drive, Coconut Creek, Florida, in the name of Raymond Alphonso FORBES. AFFIANT confirmed this address is present on Florida driver's license numbered F-612-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 issued 12/01/2015 in the

name of Raymond Alphonso FORBES. Further, the image on the FORBES Florida driver's license appears to be GRANT.

14. Review of financial records indicates suspicious banking activity for the accounts associated with the FORBES identity. Records checks with a Maryland state database shows no reported income under either the FORBES or GRANT identities. However, Wells Fargo account XXXXXX9047, in the name of FORBES (listing the Coconut Creek, Florida, address), shows more than $70,000 in cash deposits since 2016. In addition, a number of credit card transactions for a Master Card credit card account XXXXXXXXXXXX8083 in the name FORBES and an address of 1817 Chilton Street Baltimore, Maryland 21218, show transactions for car rental companies from California, Arizona, New York, and Washington DC. Moreover, credit card records linked to GRANT show a number of airline ticket purchases in November and December 2017 for individuals named Tamikay DAVIS, and Josette GREEN. All of the destinations for these flights were to states where GRANT visited or lived while using one of his aliases.

15. A review of Wells Fargo Visa Credit Card account XXXX XXXX XXXX 8083 in the name Raymond A. FORBES, 4287 NW 57th Drive, Coconut Creek, FL 33073, identified a transaction made on 11/25/2017 which appears to be an American Airlines ticket purchase in the name Tamikay DAVIS for travel from New York to Los Angeles to Vancouver.

16. A query of law enforcement databases on the name Tamikay DAVIS returned no results but a query of the name Tamika DAVIS returned a result which indicated that Tamika DAVIS (DOB: XX/XX/1989) departed the United States from Los Angeles International Airport travelling to Vancouver, Canada on 11/28/2017.

17. Further queries of law enforcement databases indicate that Tamika DAVIS has been linked to residences in Los Angeles, the Bronx, New Rochelle, NY, and Baltimore since 2016.

DAVIS also has a current Maryland Driver's License (D-120-785-469-88), which lists an address of 1108 Linkside Drive, Baltimore, MD 21234. Another of the addresses linked to DAVIS, 35 Davenport Ave., Apt. 4H, New Rochelle, NY 10805, is also linked through law enforcement databases to an individual named Claudette WHORMS (DOB: XX/XX/1969).

18. Claudette WHORMS also has a Maryland Driver's License W-652-119-001-739 which lists an address of 1108 Linkside Drive, Baltimore, MD 21234. A query of the MD Judiciary web page and law enforcement indices also reveals that WHORMS was convicted of CDS Distribution in the Circuit Court for Baltimore County (MD) on 05/29/2007 and sentenced to an 11 month jail term.

## SUBJECT VEHICLE

19. An insurance and registration check for the SUBJECT VEHICLE shows that it is registered to FORBES at 8060 13th Street Apt. 608, Silver Spring, Maryland. On February 12, 2018, your affiant observed the SUBJECT VEHICLE parked on Kennett Street and 13th street in Silver Spring, MD; which is directly across from the 8060 13th Street address. During surveillance of SUBJECT VEHICLE, GRANT was observed operating it on multiple occasions.

20. On March 13, 2018, DHS/HSI conducted surveillance and observed GRANT park the SUBJECT VEHICLE near the Fitzgerald Apartments, located at 1201 West Mount Royal Ave. Baltimore, MD. Records checks indicate that FORBES was listed as a tenant at the Fitzgerald Apartments. The SUBJECT VEHICLE remained parked in the area overnight.

21. On March 19, 2018, U.S. Magistrate Judge J. Mark Coulson issued a tracking warrant (18-0825 JMC) for the SUBJECT VEHICLE. On March 20, 2018, HSI Baltimore installed a GPS tracking device on the SUBJECT VEHICLE. On March 24, 2018, the GPS tracking of the

vehicle placed the vehicle on Davenport Ave. in New Rochelle, NY, in the vicinity of the apartment linked to WHORMS and DAVIS.

22. On April 11, 2018, the GPS tracking of the vehicle indicated that it travelled to Columbus, OH, and Cleveland, OH, only remaining in each city for a short period of time before returning to Baltimore, MD.

23. HSI Baltimore and DSS Agents were able to monitor the movements of the SUBJECT VEHICLE based on the GPS tracking until April 23, 2018 when the tracking device became inoperable. At that time the SUBJECT VEHICLE was in the vicinity of Santee, SC, and appeared to be travelling south on Interstate 95. During the monitoring period from March 20, 2018 through April 23, 2018, the GPS tracking device placed the SUBJECT VEHICLE in the direct vicinity of TARGET PREMISES on a regular basis. On May 11, 2018, HSI Baltimore located the SUBJECT VEHICLE in the parking garage adjacent to the TARGET PREMISES and removed the GPS Tracking Device from the SUBJECT VEHICLE.

## TARGET PREMISES

24. A DSS Special Agent reviewed rental documents provided by BOZZUTO MANAGEMENT COMPANY which manages The Fitzgerald Apartments, to include the TARGET PREMISES. According to the application and lease agreement between GRANT (utilizing the stolen identity of Raymond FORBES (SSN: XXX-XX-0885)), and the Fitzgerald Apartments, GRANT identified his prior address as 4287 NW 57th Drive, Coconut Creek, FL 33073, and phone number as (410) 209-0808. The rental application also indicated that he has been employed since February 8, 2016, as a "Trucking Broker" with a monthly income of $7954.

25. The Fitzgerald Apartments rental screening document displayed a credit alert that stated, "The information reported by the selected credit bureau shows that the credit file for this

applicant is less than three years old." That timeframe establishes the creation of this identity in June of 2013, the timeframe when GRANT was deported from the United States.

26. GRANT has resided at the TARGET PREMISES since June 21, 2016, and renewed his lease on two occasions. The current lease lists "Raymond FORBES" as the only authorized resident of the TARGET PREMISES, and this lease ends on June 12, 2019.

## REQUESTED ACCESSS TO THE TARGET PREMISES AND SUBJECT VEHICLE

27. I believe, based on the facts articulated above, as well as my training and experience that searching the TARGET PREMISES and SUBJECT VEHICLE will lead to the discovery of evidence of the TARGET OFFENSES based on my training, knowledge, and experience, which establishes that individuals store records and items related to the TARGET OFFENSES in their vehicles and residences. Specifically, I believe that searching the TARGET PREMISES and SUBJECT VEHICLE will lead to the recovery of documents and related paperwork that will advance the investigation related to the TARGET OFFENSES.

## AUTHORIZATION REQUEST

28. Based on the forgoing, I respectfully submit that there is probable cause to believe that GRANT has violated the TARGET OFFENSES, and that evidence of these offenses will be found in the TARGET PREMISES and SUBJECT VEHICLE.

29. Therefore, I respectfully request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3103, that authorizes members of Diplomatic Security Service, the Department of Homeland Security/Homeland Security Investigations, or their authorized representatives, including but not limited to other law enforcement agents and technicians assisting in the above-described investigation, to conduct a search of the TARGET PREMISES and the SUBJECT VEHICLE. I therefore request search and

18 - 1 6 5 8 JMC

18 - 1 6 5 9 JMC

seizure warrants for the TARGET PREMISES described in Attachment A-1 and the SUBJECT VEHICLE described in Attachment A-2 for the items as described in Attachments B.

Respectfully submitted,

_____
Matthew S. Peffer
Special Agent
Diplomatic Security Service

Subscribed and sworn to before me on _____6/8_____, 201_8_

_____
The Honorable J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

18 - 1 6 5 8 JMC

## ATTACHMENT A-1

### Location to be searched

**1201 West Mount Royal Ave., Apartment 751 Baltimore, MD 21217**

The premise is one-bedroom apartment on the seventh floor of the apartment building (see exterior photograph and floor plan of 1 bedroom apartments attached) with an inward swinging door. Door hinges are on the left and the door knob is on the right as viewed from the hallway; to the right of the door is a grey sign with "751" written in white. (A sample floor plan for the building is attached) The apartment building is a mixed use multi-level apartment and commercial building, gray in color, located at the corner of Mount Royal Avenue and West Oliver Street in Baltimore, MD.





## ATTACHMENT A-2    18 - 1 6 5 9 JMC

### Vehicle to be searched

A tan Chevrolet Suburban with Maryland license plates 6DC5706 and Vehicle Identification Number 1GNFK16Z32J294661. See photograph attached:



18 - 1 6 5 8 JMC

18 - 1 6 5 9 JMC

## ATTACHMENT B

### Items to be seized

All documents, records, and property (in printed form) that constitute evidence, fruits, or instrumentalities of 18 U.S.C. § 1542 (Passport Application Fraud), 18 U.S.C. § 1001 (False Statements), 18 U.S.C. § 1028 (Fraud and Related Activity in Connection with Identification Documents and Information), 18 U.S.C. § 1028A (Aggravated Identity Theft), 18 U.S.C. § 911 (False Claim of United States Citizenship), and 8 U.S.C. § 1326(a) (Aggravated Felon Reentry into the United States) involving **ALPHANSO GRANT** (a/k/a "Raymond Alphonso Forbes, Richard John Mercer, Edward Fischer"), including but not limited to the following items:

1. Any and all identification documents, to include materials pertaining to the possession and manufacture of false identification documents.

2. Indicia of travel, including but not limited to, passports, visas, rental car company statements, contracts or receipts, itineraries, travel agency statements or receipts, highway, bridge or tunnel tolls, or parking receipts, bus or train tickets, airline tickets, boarding passes, and airline receipts.

3. Items and evidence related to any financial institution, including without limitation, credit cards, credit card statements, bank statements, bank cards, receipts, deposit slips, signature cards, and correspondence.

4. Address books and/or telephone bills, notebooks, and papers, identification cards, credit/debit cards.

5. Books, records, receipts, income tax returns and supporting documents, work papers and summary sheets used in the preparation of tax returns or powers of attorney.

6. Indicia of occupancy, residence and/or ownership of the premises and vehicle, including but not limited to, utility and telephone bills, lease agreements, mortgage documents, rental statements or receipts, canceled envelopes, and keys.

7. Information in electronic and digital form located on digital devices, cell phones, computers, laptops, tablets, smart phones and other digital devices that may be used to store information

**II.   Information to be Seized by Law Enforcement Personnel**

    a.    All records or other information that constitute:

        1. Evidence of the true identity and nationality of **ALPHANSO GRANT**.

2. Evidence of the means by which **GRANT** obtained assumed identities personally identifiable information ("PII").

3. Evidence of **GRANT'S** use of the personally identifiable information ("PII") of assumed identities.

4. Evidence of the unlawful or unauthorized use or transfer of the PII of others.

5. Indicia of travel, including contracts or receipts, itineraries, travel agency statements or receipts, highway, bridge or tunnel tolls, or parking receipts, bus or train tickets, airline tickets, boarding passes, and airline receipts.

6. Items and evidence related to any financial institution, including without limitation, credit cards, credit card statements, bank statements, bank cards, receipts and correspondence.

7. Evidence related to the possession and manufacture of false identification documents.

b. All images, messages, communications, calendar entries, and contacts, including any and all preparatory steps taken in furtherance of these crimes;

c. Communication, information, documentation and records relating to who created, used, or communicated with the account(s) or identifier(s), including records about their identities and whereabouts;

d. Passwords and encryption keys, and other access information that may be necessary to access the account(s) or identifier(s) and other associated accounts; and

e. Credit card and other financial information, including but not limited to, bills and payment records evidencing ownership of the subject account(s).

III. Any of the items described in sections I and II above which are stored in the form of magnetic or electronic coding on computer media or on media capable of being read by a computer with the aid of computer-related equipment, including floppy diskettes, fixed hard disks, or removable hard disk cartridges, software or memory in any form. The search procedure of the electronic data contained in computer operating software or memory devices shall include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

(a) Initially searching for image files without viewing content by use of known "hash values";

18 - 1 6 5 8 JMC          18 - 1 6 5 9 JMC

    (b) surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

    (c) "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

    (d) "scanning" storage areas to discover and possible recover recently deleted files;

    (e) "scanning" storage areas for deliberately hidden files; or

    (f) performing key word or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

    If after performing these procedures, the directories, files or storage areas do not reveal evidence of or related to the aforementioned crimes, the further search of that particular directory, file or storage area, shall cease.

18 - 1 6 5 8 JMC

PHOTO COMPARISON FOR PF-2017-01338
EDWARD FISHER/ALPHANSO GRANT/RAYMOND FORBES

18 - 1 6 5 9 JMC

EDWARD FISHER
DOB: 01/01/1968
1997 FLORIDA DRIVER LICENSE



EDWARD FISHER
DOB: 01/01/1968
2002 DEA ARREST



ALPHANSO GRANT
DOB: 10/22/1967
PENNSYLVANIA DRIVER LICENSE



ALPHANSO GRANT
DOB: 10/22/1967
2009 ICE ARREST



RAYMOND FORBES
DOB: 09/11/1966
2015 FLORIDA DRIVER LICENSE



RAYMOND FORBES
DOB: 09/11/1966
2017 MARYLAND SALES LICENSE



RAYMOND FORBES
DOB: 09/11/1966
2017 PASSPORT APPLICATION

